## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Willie W. Thomas

v.

Elizabeth River Tunnel
Commission et al.

August 22, 1977

Case No. L-75-394

By JUDGE ROBERT F. McMURRAN

In this case the plaintiff is seeking damages for his alleged injuries sustained by him while riding as a paying passenger on one of the buses allegedly owned and operated by the Elizabeth River Tunnel Commission and the State Department of Highways, which buses travel between Norfolk and Portsmouth along a given route through the Elizabeth River Tunnel. It is stated that the incident occurred on or about June 3, 1973.

At the threshold the Elizabeth River Tunnel Commission says that on the 3d of June, 1973, it no longer existed as it was abolished by an Act of the Virginia General Assembly enacted at its 1973 season. Hence, this action as to it should be promptly dismissed.

The Assistant Attorney General, Mr. Frederick M. Bruner, sets forth in the motion for dismissal that the General Assembly for its 1973 session adjourned sine die, which is a final and complete adjournment, on Saturday, February 24, 1973, and that under Article IV, paragraph 13 of the State Constitution, "All laws. . . shall take effect on the first day of the fourth month following the month of adjournment of the session of the General Assembly at which it has been enacted." Accordingly the act abolishing the Elizabeth River Tunnel Commission took effect on June 1, 1973, three days before the accident.

The plaintiff, on the other hand, states that the act was approved on March 12, 1973, and therefore the first day of the fourth month when the act took effect would be July 1, 1973. The fallacy in this argument is apparent when we understand the meaning of "enactment" and "approved." A Bill before the General Assembly is "enacted" when passed by both branches of the legislature. It is not "approved" until signed by the Governor. Now under Section 6, Article V, of the Virginia Constitution it is provided in the last paragraph of said section that an enactment of the legislature shall be a law if approved by the Governor within thirty days after adjournment. The date that an enactment is "approved" is therefore immaterial as to this issue.

The Court will sustain the motion of the Elizabeth River Tunnel Commission to dismiss it from these proceedings.

Even if the Tunnel Commission were still a party it could claim it would be immune from the claim of the plaintiff because in operating buses it was acting in an essential governmental function. It was so held by our Virginia Supreme Court in the case of *Elizabeth River Tunnel District* v. *Beecher*, 202 Va. 452 (1961). In this case I happened to be the trial judge, and I held the Tunnel District liable for the negligent operation of one of its buses, but the Supreme Court disagreed. It held that the Tunnel Commission was performing a governmental function in operating the buses for which the sovereign immunity doctrine applied.

The Court is of the opinion that the doctrine should be applied to the other defendant in this case, namely the State Department of Highways. Not only is the *Beecher* case applicable, but our Supreme Court applied the doctrine to a State Hospital and a medical intern who negligently operated. *Lawrence* v. *Harlan, et al.*, 214 Va. 405 (1973).

In the case of *Fairfax County* v. *County Executive*, 210 Va. 253 (1969) at page 263, Chief Justice I'Anson speaking for the Court said:

> The mere fact that others might incidentally profit from the operation, financing and use of a facility established by an authority for a public purpose, in the exercise of a governmental function, does not destroy its public purpose.

The fact that a charge is made to passengers using the shuttle buses does not change the governmental function of the operation of the buses.

The plaintiff seems to think that Section 15.1-1371 changes this law in relation to the circumstances of this case and allows him to sue the State. In the opinion of the Court when all the statutes relating to the State Department of Highways and pertaining to transportation are read as a whole, the contention of the plaintiff fails.

It is a well-settled principle of law that a statute allowing private persons to maintain suits against the State are in derogation of sovereign rights and must be strictly construed.

The Court will therefore sustain the defendants' demurrer in this case.